UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

CATHERINE A. TAYLOR,                )
                                    )
            Plaintiff               )
                                    )
        v.                          )  Case No. 4:05 cv 50
                                    )
JO ANNE B. BARNHART,                )
Commissioner of Social Security,)
                                    )
            Defendant               )

OPINION and ORDER

This matter is before the court on the Motion for Summary
Judgment filed by the plaintiff, Catherine Taylor, on January 18,
2006.  For the reasons set forth below, this motion is **DENIED**.

Background

On May 13, 2004, plaintiff Catherine Taylor amended her
disability onset date to April 1, 2002, because she had engaged
in substantial gainful activity prior to that date, when she was
fired from her job. (Tr. 45) On  October 20, 2004, Administrative
Law Judge Stephen E. Davis found that Taylor again resumed
substantial gainful work activity as of September 30, 2003.  (Tr.
19) In the interim 18 months, Taylor only worked one part-time
job and fell below the earning requirements for substantial
gainful activity. (Tr. 19) During this period, ALJ Davis found
that Taylor retained the residual functional capacity to perform
sedentary work. (Tr. 19) No further restatement of the facts is
necessary for the resolution of this Social Security appeal.

Discussion

Taylor does not dispute that ALJ Davis correctly found that she was engaged in substantial gainful activity until April 1, 2002, and from September 30, 2003 through the date of the ALJ's decision. Therefore, the only portion of the ALJ's decision to which Taylor can object is the ALJ's finding that she still could perform sedentary work between those two dates. However, the only argument Taylor makes in support of her application for benefits is that medical records attached to her opening brief support a finding of disability.

A district court may order the final decision of the Social Security Commissioner remanded under sentence six of 42 U.S.C. § 405(g) if "there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. §405(g); *Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir. 1989); *Anderson v. Bowen*, 868 F.2d 921, 927 (7th Cir. 1989); *Sears v. Bowen*, 840 F.2d 394, 399 (7th Cir. 1988). The additional evidence is reviewed by the court only for the purpose of determining if a remand is necessary and is ignored when considering if the ALJ's decision is supported by substantial evidence. *Eads v. Secretary of The Department of Health and Human Services*, 983 F.2d 815, 817 (7th Cir. 1993). Evidence is considered new if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Sample v. Shalala*, 999 F.2d 1138, 1144 (7th

2

Cir. 1993)(internal citations omitted). *See also **Perkins v. Chater***, 107 F.3d 1290, 1296 (7th Cir. 1997). However, new conclusions by doctors or other experts made on the basis of evidence already available in the record are not considered "new" for the purposes of a sentence six remand. ***Jens v. Barnhart***, 347 F.3d 209, 214 (7th Cir. 2003). *See **Perkins***, 107 F.3d at 1296; ***Sample***, 999 F.2d at 1144.

The party seeking remand also must have a good reason for not presenting the evidence during the administrative proceedings. While the exact definition of "good cause" in this context is somewhat elusive, it is clear that new evidence that was not in existence until after the close of administrative proceedings meets the standard of "good cause." *See **Sears***, 840 F.2d at 399 ("We believe Sears has demonstrated good cause . . . The report itself did not exist until after the Appeals Council had denied his claim."); ***Godsey v. Bowen***, 832 F.2d 443, 444 (7th Cir. 1987) ("Contrary to the government's submission, the requirement of good cause for a belated submission was satisfied; evidence of deterioration after the hearing could not have been submitted at the hearing."); ***Watkins v. Chater***, No. 93 C 4603, 1995 WL 493460, at *8 (N.D. Ill. Aug. 16, 1995)("The fact that the operation took place two years later would provide Plaintiff with good cause for not introducing evidence of the operation during the administrative hearing."). The requirement that good cause be shown "reflects a congressional determination to prevent the bad faith manipulation of the administrative process." ***Milano v. Bowen***, 809

F.2d 763, 767 (11th Cir. 1987).

The final requirement, materiality, means that "there is a reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered." **Perkins**, 107 F.3d at 1296. *See also* **Schmidt v. Barnhart**, 395 F.3d 737, 742 (7th Cir. 2005); **Sears**, 840 F.2d at 400. In the Seventh Circuit, "medical records postdating the hearing and that speak only to the applicant's current condition, not to his condition at the time his application was under consideration by the Social Security Administration, do not meet the standard for new and material evidence." **Schmidt**, 395 F.3d at 742 (internal quotes omitted)(*citing* **Kapusta**, 900 F.2d at 97). *See also* **Anderson**, 868 F.2d at 927 ("Remand for consideration of additional evidence is appropriate only upon a showing that the evidence is new and material to the claimant's condition during the relevant time period encompassed by the disability application under review."); **Godsey**, 832 F.2d at 445 ("The fact that her condition had deteri-orated by 1986 does not show that in 1983 it was otherwise than found at the administrative hearing").

All of the records attached to Taylor's opening brief are from 2005, and so plainly satisfy the "new" and "good cause" requirements of a sentence six remand. However, Taylor has not shown that these records are in any way material to her condition during the relevant period of April 2002 to September 2003. The records include current prescriptions, notes from several surger-ies, a recent MRI of Taylor's lumbar spine, a new diagnoses of

fibromyalgia, a degenerative back condition that has progressed to failed back syndrome, and chronic obstructive pulmonary disease.  While unfortunate, Taylor's new medical evidence suggests that her condition has deteriorated since the ALJ's decision addressing the status of Taylor's health at least two years prior.  Her remedy at this stage is to file a new application for benefits. *Godsey*, 832 F.2d at 445.

_____

For the foregoing reasons, the Motion for Summary Judgment filed by the plaintiff, Catherine Taylor, on January 18, 2006 is **DENIED**.

ENTERED this 11th day of July, 2006

s/ ANDREW P. RODOVICH
United States Magistrate Judge